|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| WOODSIDE INVESTMENTS, INC.; S AND W STEEL FABRICATORS, INC.; DENNIS WOOD; and SUSAN WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC. (d.b.a. PAR FUNDING); FAST ADVANCE FUNDING, INC.; JOSEPH LAFORTE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:20-cv-00042-JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

On December 11, 2019, Plaintiffs Woodside Investments, Inc., S and W Steel Fabricators, Inc. ("S&W Steel"), Dennis Wood, and Susan Wood filed a suit against Complete Business Solutions Group, Inc. ("Par Funding"), Joseph LaForte, and Fast Advance Funding, Inc. ("Fast Advance") in Yolo County Superior Court. Notice of Removal at 6-36 ("Compl."), ECF No. 1. Defendants removed the case to federal court, invoking this Court's diversity jurisdiction. Notice of Removal at 2.

Dennis Wood is the president of Woodside Investments and the Vice President of S&W Steel; Susan Wood is the Vice President of

Woodside Investments and the President of S&W Steel. Memo. ISO TRO ("Mot.") at 2, ECF No. 4-1. From December 2018 through October 2019, Woodside Investments and S&W Steel entered into six contracts with Par Funding and one contract with Fast Advance. Mot. at 3. After Plaintiffs defaulted on these agreements, Par Funding and Fast Advance filed written Confessions of Judgment with the Philadelphia County Court of Common Pleas. Mot. at 5. Plaintiffs signed these confessions as part of their contracts with Defendants. Id. The Pennsylvania court entered a final judgment against Plaintiffs after they failed to challenge the confessions. Opp'n at 3-4, ECF No. 19.

Defendants contend the contracts Plaintiffs signed were factoring agreements whereby Defendants purchased accounts receivable from Woodside Investments and S&W Steel. Id. Plaintiffs, on the other hand, argue the contracts amounted to illegal and unenforceable usurious loans. Mot. at 3-5, 7-10. Plaintiffs filed a motion for temporary restraining order and for an order to show good cause for why the Court should not issue a preliminary injunction. Amended Mot. For TRO, ECF No. 4. Plaintiffs' aim was to enjoin Defendants from enforcing the Pennsylvania judgment in California. Id. The Court denied the motion in part, finding Plaintiffs were not entitled to a temporary restraining order because they failed to prove they faced an immediate risk of irreparable harm. Jan. 16, 2020 Minute Order, ECF No. 6. The Court now considers Plaintiffs' motion as a motion for preliminary injunction.[1] Defendants'

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was

2

opposed Plaintiffs' motion, ECF No. 19. Plaintiffs did not file a reply. Having read and considered the parties' arguments, the Court DENIES Plaintiffs' motion for preliminary injunction.

## I. BACKGROUND

As the briefs illustrate, the parties are deeply familiar with the factual and procedural underpinnings of this case. The Court does not need to restate that information here.

## II. OPINION

### A. Judicial Notice

Defendants request the Court take judicial notice of Woodside's website: Michael & Company Precision Metal Fabricators at http://michaelandcofabricators.com/home. See Defs.' Request for Judicial Notice ("RJN"), ECF No. 20. The website is being offered to "indicate what Plaintiffs have put about themselves in the public realm"—specifically, that "Woodside and/or S and W holds itself out as a sophisticated company" that has "over 50 employees" and has been doing business since 1991. RJN at 2 (citing Ex. A. to RJN). Plaintiffs do not oppose this request.

Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

---

scheduled for February 25, 2020.

FRE 201(b).  Moreover, it is well-established that courts may take judicial notice of matters of public record.  <u>Finder v. Leprino Foods Co.</u>, No. 1:13-cv-02059-AWI-BAM, 2019 WL 6894468, at *3 n.1 (E.D. Cal. Dec. 18, 2019).  The Michael & Company Precision Metal Fabricators website is a matter of public record and, therefore, a proper subject of judicial notice.

By judicially noticing the Michael & Company website, the Court takes as true that the website exists and makes certain representations about the company to the public.  The Court does not, however, assume the veracity of any of the representations the website contains.  For example, the Court acknowledges that the Michael & Company Precision Metal Fabricators website (available at http://michaelandcofabricators.com/home) maintains that the company has "over 50 employees."  In doing so, the Court does not take as true that Michael & Company does, in fact, have over 50 employees.  Bearing this nuance in mind, Defendants' request is GRANTED.

B.   <u>Analysis</u>

"A preliminary injunction is 'an extraordinary and drastic remedy.'"  <u>Lopez v. Brewer</u>, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).  Plaintiffs seeking this type of relief bear the burden of persuasion.  <u>Id.</u>  They must make "a clear showing" that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>Lopez</u>,

4

680 F.3d at 972.

Because "[f]lexibility is the hallmark of equity jurisdiction," the Ninth Circuit adopts a "sliding scale approach" to this four-factor test. Alliance for the Wild Rockies v. Cottrell, 732 F.3d 1127, 1131-35 (9th Cir. 2011) (modification in original). As its name suggests, the sliding scale approach requires courts to "balance" the Winter factors. Id. at 1131. Although this balancing does not free plaintiffs from making a "clear showing" on each of Winter's requirements, it relieves them of any obligation to prove each factor to the same degree. Id. "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Id.

Put simply, Plaintiffs have not made a clear showing on any of Winter's factors. Plaintiffs do not cite to any legal authority that would permit a federal court to disturb a final state court judgment under these circumstances. Nor do any of the four cases Plaintiffs cite support a finding that they are likely to face irreparable harm absent preliminary relief, that the balance of equities tip in their favor, or that the public interest favors issuance of a preliminary injunction. Defendants identified these shortcomings, among others, in their opposition. See generally Opp'n. Plaintiffs nevertheless opted to forego filing a reply brief.

Plaintiffs bore the burden of demonstrating they were entitled to the extraordinary relief they requested. They failed to meet this burden. As a result, Plaintiffs' motion for preliminary injunction is denied.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' motion for preliminary injunction.

IT IS SO ORDERED.

Dated: February 20, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE